EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------|
| M.M.T. <br> M.I.T.A. <br> L.S.T. | 2014 TSPR 117 <br><br> 191 DPR ___ |

Número del Caso: AB-2014-192

Fecha: 7 de octubre de 2014

Materia: Reglamento del Tribunal Supremo – Definición del término "parte promovente" bajo la Regla 14 del Reglamento del Tribunal Supremo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

 M.M.T.
 M.I.T.A      AB-2014-192  Queja
 L.S.T

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

(Regla 50)

San Juan, Puerto Rico, a 7 de octubre de 2014.

  Transparencia, dentro del contexto de nuestros procesos disciplinarios, conlleva que se le notifique a un ciudadano con conocimiento personal y legitimación activa, de todos los trámites relacionados al asunto disciplinario que este ha promovido, sin excepción de que ese ciudadano vista una toga.

  La controversia que nos ocupa en esta ocasión es relativamente sencilla. Precisa simplemente del ejercicio del sentido de justicia y lógica jurídica. Nos corresponde determinar si en un proceso disciplinario contra miembros de nuestra clase togada que fue referido a esta Curia

mediante una orden o resolución judicial emitida por un Juez Administrador, el juez que originalmente le hace la solicitud a ese Juez Administrador de elevar los autos es *parte promovente* del proceso disciplinario y, por consiguiente, tiene que ser notificado de la presentación de documentos, órdenes o resoluciones conforme al Reglamento de este Tribunal Supremo. Por los fundamentos expuestos a continuación, respondemos tal interrogante en la afirmativa.

I

Las licenciadas M.M.T., M.I.T.A y L.S.T (licenciadas) son representantes legales en un caso civil que se asignó a la sala del Honorable Juez Rafael Vissepó Vázquez (Juez Vissepó).[1] Así las cosas, tras varios incidentes procesales en el caso, el 7 de enero de 2014 las licenciadas solicitaron la inhibición del Juez Vissepó y el traslado del caso a otra región judicial. Por lo anterior, el Juez Vissepó emitió una Resolución el 1 de abril de 2014 en la que se inhibió del caso.

No obstante, el 15 de abril de 2014 las licenciadas presentaron un escrito dirigido al Honorable Juez Lind O. Merle Feliciano, Juez Administrador de la Región Judicial

---

[1] Por constituir un asunto interlocutorio dentro de un caso disciplinario en etapa inicial, este Tribunal ha decidido suprimir los nombres de las licenciadas querelladas e identificarlas por sus iniciales, esto como medida cautelar en protección de la identidad de estas.

de Caguas (Juez Administrador), en el que solicitaron que se elevaran los autos para que este Tribunal evaluara la conducta del Juez Vissepó. De igual forma, el 24 de abril de 2014 el Juez Vissepó emitió una Resolución en la que solicitó al Juez Administrador que elevara el expediente del caso a esta Curia para que también se investigara si la conducta de las licenciadas constituía alguna violación a los Cánones de Ética Profesional.

Por su parte, luego de recibir varios escritos de las partes, el 27 de mayo de 2014 el Juez Administrador emitió una Orden en la cual expresó que "las partes con interés, entiéndase las tres abogadas y el Juez que presidía los procedimientos, solicitaron que se eleven los autos para que sean evaluados oportunamente por el Tribunal Supremo de Puerto Rico por posibles violaciones a los cánones de ética profesional y judicial".[2] Acto seguido, ordenó a la Secretaria Regional fotocopiar los expedientes, certificar las copias como fieles y exactas, y regrabar todas las instancias del procedimiento. Además, ordenó a la Secretaria Regional remitir el expediente a este Tribunal Supremo "para la oportuna evaluación, **conforme a lo solicitado**".[3] (Énfasis nuestro).

---

[2] Orden emitida el 27 de mayo de 2014 por el Juez Administrador.

[3] Íd.

El 10 de julio de 2014, este Tribunal emitió una Resolución a los fines de conceder 15 días a las licenciadas para expresarse sobre el asunto. Así, el 27 de julio de 2014 la licenciada M.I.T.A. presentó su *Comparecencia en Cumplimiento de Resolución*. Sin embargo, en dicha comparecencia la licenciada M.I.T.A. certificó haber notificado a la licenciada M.M.T., a ella misma y al Juez Administrador, dejando desprovistos de notificación a la licenciada L.S.T. y al Juez Vissepó, ambos partes interesadas en el caso.

Así las cosas, el 12 de septiembre de 2014 el Juez Vissepó presentó una *Urgente comparecencia especial y en solicitud de remedios*, en la que nos llama a la atención de que a pesar de que fue él quien promovió la queja contra las licenciadas, todos los documentos están siendo notificados al Juez Administrador, dejándolo a él fuera de tales notificaciones. Por su parte, el 17 de septiembre de 2014 las licenciadas L.S.T. y M.I.T.A. presentaron un escrito titulado *Oposición a: Urgente comparecencia especial y en solicitud de remedios; Además: Urgente solicitud de orden protectora*. En su escrito, las licenciadas expresan que según su parecer el Juez Vissepó no es parte con interés, pues quien eleva el expediente a nuestra atención es el Juez Administrador con la Orden emitida el 27 de mayo de 2014 y no el Juez Vissepó. Además, alegan que el Reglamento del Tribunal

Supremo establece que los procesos de quejas contra un abogado o abogada son confidenciales.

Posteriormente, el 19 de septiembre de 2014 M.M.T. presentó su *Oposición en torno a "Urgente comparecencia especial y en solicitud de remedios" y en solicitud de remedios.* En dicho escrito invocó su derecho a la confidencialidad en el proceso de queja. Al igual que sus compañeras, nos expone que la queja fue referida a nosotros por el Juez Administrador y no por el Juez Vissepó.

Luego de considerar la posición de todas las partes, y en virtud de la Regla 50 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B*,* resolvemos la *Urgente comparecencia especial y en solicitud de remedios* presentada por el peticionario, el Juez Vissepó.

**II**

**El derecho de la *parte promovente* a ser notificada**

La Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, atiende lo concerniente a las quejas y los procedimientos disciplinarios contra abogados, abogadas, notarios y notarias. En sus incisos (c), (l) y (o) se establece que:

> (c) El Secretario o la Secretaria enviará copia de la queja al abogado, la abogada, el notario o la notaria, según sea el caso, para que dentro del término de diez (10) días se

exprese sobre ésta. El Secretario o la Secretaria podrá prorrogar el término aquí dispuesto por circunstancias meritorias. El abogado, la abogada, el notario o la notaria **notificará a la parte promovente** de la queja por correo certificado con acuse de recibo, una copia de la contestación que presente al Tribunal, **haciendo constar en esta el hecho de la notificación.**

(l) **Cada parte** tendrá un término simultáneo de veinte (20) días, contados desde la **notificación del informe**, para ofrecer sus comentarios u objeciones, y sus recomendaciones en cuanto a la acción que deba tomar el tribunal.

(o) El(la) Secretario(a) **notificará con copia de todas las providencias que adopte el tribunal**, al(a la) abogado(a) o al(a la) notario(a) involucrado **y a la parte promovente** de la queja. Cualquier decisión del tribunal que imponga sanciones se notificará, además, a la Oficina de Administración de los Tribunales, al(a la) Secretario(a) de Justicia y al Colegio de Abogados de Puerto Rico. Si la sanción afectare en cualquier forma la capacidad del (de la) notario(a) para actuar como tal, se notificará también al(a la) Secretario(a) de Estado y al(a la) Director(a) de la Oficina de Inspección de Notarías.[4] (Énfasis nuestro).

Por lo tanto, según nuestro Reglamento, la *parte promovente* no tan solo tiene derecho a ser notificada de

_____

[4] Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B.

la contestación presentada por el abogado, sino que se le reconoce el derecho a ser notificada de todas las providencias que adopte el Tribunal e incluso del informe que en su momento rinda el Comisionado o Comisionada Especial.

Ahora bien, nuestro Reglamento **no** define el término *parte promovente.* De hecho, la realidad es que la palabra *promovente* no aparece en el diccionario de la Real Academia Española. La acepción que dicho diccionario precisa es la del término *promover* que significa "[i]niciar o impulsar una cosa o un proceso, procurando su logro".[5] Además, en una búsqueda del concepto "parte promovente" en un reglamento germano encontramos que el Reglamento de Disciplina Judicial en su Regla 4, inciso (j), oportunamente define el término *parte promovente* como "[c]ualquier persona natural que presente una **solicitud para que se investigue la conducta** o capacidad de un juez o de una jueza".[6] (Énfasis nuestro).

Por otra parte, un funcionario público tiene legitimación activa cuando un estatuto así se lo confiere.[7] De esta forma, el Canon 7 de los Cánones de Ética Judicial establece que:

---

[5] http://lema.rae.es/drae/?val=promover (última visita, 26 de septiembre de 2014).

[6] In re: Aprobación de Reglas de Disciplina Judicial, 164 DPR 137 (2005), según enmendadas.

[7] Hernández Torres v. Hernández Colón, 129 DPR 824 (1992).

> Cuando los hechos les consten **personalmente**, las juezas y los jueces **promoverán** y cooperarán con los procedimientos disciplinarios que procedan contra cualquier jueza, juez, abogada, abogado, funcionaria, funcionario, empleada o empleado de la Rama Judicial que actúe contrario a lo dispuesto en los cánones, en las normas administrativas, en los reglamentos y en las leyes vigentes.[8] (Énfasis nuestro).

Así, en nuestro poder inherente de reglamentar la judicatura, hemos establecido en el Canon 7, *supra*, la obligación de todo juez con **conocimiento personal** de **promover** procesos disciplinarios contra los abogados que incurran en violaciones a los Cánones de Ética Profesional. Por lo tanto, resulta imposible que este mandamiento ético establezca dicha obligación al funcionario judicial, y no le conceda la legitimación activa para cumplir con el mismo.

Es claro entonces, que el término *parte promovente* en el contexto de los procesos disciplinarios se refiere a aquella persona que ha impulsado la acción disciplinaria y que, a su vez, tiene conocimiento personal y legitimación activa con relación a la queja.

En este caso, resolvemos que el peticionario, es la *parte promovente* en el proceso disciplinario, aunque no fue quien directa o expresamente elevó los autos ante

---

[8] In re: Aprobación Cánones de Ética Judicial, 164 DPR 403, 417 (2005).

esta Curia. Esto, pues fue él quien realmente promovió o impulsó la acción contra las licenciadas al solicitarle al Juez Administrador que elevara el expediente que contenía su queja. Es el Juez Vissepó y no el Juez Administrador quien claramente tiene el conocimiento personal de lo ocurrido, así como la legitimación activa, por haber sido una de las partes involucradas directamente en los sucesos. Nótese que fue el Juez Vissepó quien, según las definiciones que hemos discutido "impulsó" un proceso disciplinario contra las licenciadas de epígrafe. Así, por ser el Juez Vissepó la parte promovente en el caso, procede entonces que se le reconozcan todos los derechos que nuestro Reglamento le confiere a esta parte en acciones disciplinarias.

## III

Por los fundamentos que anteceden, y a tenor de la Regla 50 del Reglamento del Tribunal Supremo, *supra*, se ordena a la Secretaria del Tribunal Supremo y todas las partes que deberán notificar también al Juez Vissepó de toda instancia que surja con relación al procedimiento disciplinario contra las abogadas de epígrafe, en el cual, y a tenor con lo aquí resuelto, este es *parte promovente*. Además, la Secretaria de este Tribunal deberá enviar copia al Juez Vissepó de todos los documentos que obren en el expediente del procedimiento disciplinario contra las abogadas de epígrafe, en el

cual, y a tenor con lo aquí resuelto, este es *parte promovente*.

Se dictará Sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

M.M.T.
M.I.T.A          AB-2014-192          Queja
L.S.T

SENTENCIA

San Juan, Puerto Rico, a 7 de octubre de 2014.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se ordena a la Secretaria del Tribunal Supremo y todas las partes que deberán notificar también al Honorable Juez Rafael Vissepó Vázquez de toda instancia que surja con relación al procedimiento disciplinario contra las abogadas de epígrafe, en el cual, y a tenor con lo aquí resuelto, este es *parte promovente*. Además, la Secretaria de este Tribunal deberá enviar copia al Juez Vissepó Vázquez de todos los documentos que obren en el expediente del procedimiento disciplinario contra las abogadas de epígrafe, en el cual, y a tenor con lo aquí resuelto, este es *parte promovente*.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta hace constar la siguiente expresión a la cual se une la Juez Asociada señora Rodríguez Rodríguez:

"La Jueza Presidenta señora Fiol Matta entiende que lo que el Tribunal tiene ante su consideración es un asunto interlocutorio dentro de un caso

disciplinario que está en una etapa inicial y, por lo tanto, es de naturaleza confidencial por disposición reglamentaria. Por ello, sostiene que la determinación debía emitirse mediante Resolución. Sin embargo, está conteste con definir *parte promovente* de la manera en que se propone en la Opinión mayoritaria. Hay que tener presente que esta controversia se dio en el contexto de un procedimiento disciplinario contra profesionales del derecho presentado ante el Tribunal Supremo. Este proceso se rige por las disposiciones de nuestro Reglamento y este no provee una definición para el concepto *parte promovente*."

La Jueza Asociada señora Pabón Charneco emite Opinión de Conformidad. La Jueza Asociada Oronoz Rodríguez concurre con lo resuelto en la Opinión mayoritaria y se une a lo expresado por la Jueza Presidenta señora Fiol Matta.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | Queja |
|---|---|---|
| M.M.T.<br>M.I.T.A.<br>L.S.T. | AB-2014-192 | |

Opinión de conformidad emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 7 de octubre de 2014.

En esta lamentable coyuntura en la que la imagen de la Rama Judicial se encuentra cuestionada, no podemos avalar con nuestro silencio una interpretación, por parte de la Oficina de Administración de los Tribunales, que implicaría restringir la transparencia y el acceso a remedios por las partes involucradas en algún asunto ético bajo nuestra jurisdicción. Todo lo contrario. Tal como expresé en días recientes cuando aprobamos las enmiendas a las Reglas de Disciplina Judicial el silencio y el inmovilismo no son opción. Es por ello, que procede continuar tomando pasos afirmativos para seguir promoviendo la transparencia que debe permear las labores de la Rama Judicial.

Por ello, y por entender que pautar el alcance de lo que constituye una "parte promovente" en las Quejas y los procedimientos disciplinarios de los abogados en Puerto Rico es un asunto de alto interés público que incide

sobre la transparencia que debe caracterizar a la Rama Judicial, estoy conforme con la Opinión que antecede.

Como muy bien se discute en la Opinión del Tribunal, en el contexto de los procesos disciplinarios una "parte promovente" es aquella que promueve o impulsa una acción disciplinaria por haber estado directamente involucrada en los sucesos que motivaron la presentación de una Queja. La importancia detrás de delimitar de manera clara el alcance de lo que constituye una "parte promovente" es vital para garantizar que a esta se le reconozcan los derechos conferidos por nuestro Reglamento en este contexto particular. Como lo es por ejemplo, que se le notifique toda instancia que surja con relación al procedimiento disciplinario instado por esta.

Mantener totalmente desinformada a la parte que legítimamente promovió una causa ética sería permitir que los procedimientos disciplinarios de la Rama se diluciden unilateralmente en los pasillos sigilosos y oscuros de la Oficina de Administración de los Tribunales. No podemos avalar tal escenario. La transparencia que estamos llamados a proporcionarle al Pueblo de Puerto Rico no puede ser víctima de la burocracia ni de interpretaciones ilógicas y acomodaticias de nuestro Reglamento.

Por ello la importancia de aprovechar esta oportunidad para precisar que en un procedimiento disciplinario **la "parte promovente" es aquella que da inicio al procedimiento disciplinario**. Según mencionado, una interpretación contraria redundaría en un absurdo

jurídico donde la parte que ocasionó que se activara el proceso disciplinario quedaría totalmente ajena al desenlace de este. Lo que asemejaría una traba más en la búsqueda de la verdad y una bruma que empañaría la transparencia que debe caracterizar las labores de la Rama Judicial. Un buen punto de partida es velar por la pureza en un asunto de tanta envergadura como lo son las notificaciones adecuadas en los procedimientos disciplinarios en la Rama Judicial.

En fin, de manera consistente he reafirmado mi preocupación con la falta de transparencia en la Rama Judicial en los últimos años y he expresado la necesidad imperiosa de talar nuevos caminos que logren restaurar de manera efectiva la confianza de los ciudadanos en nuestro sistema de justicia. En momentos cuando el Pueblo exige claridad no podemos claudicar al conformismo y mantenernos estáticos. Como tampoco podemos incurrir en acciones que obstaculizan y perpetúen la desconfianza de los ciudadanos en nuestro sistema de justicia. *A contrario sensu*, tenemos el compromiso ineludible de aprovechar cada oportunidad, por más sencilla que parezca, para descorrer el velo de la burocracia y rendirle cuentas al Pueblo. Desaprovechar estas oportunidades equivaldría a anular la confianza de los ciudadanos en una institución que debe promover la búsqueda de la verdad y la justicia sobre todas las cosas.

Con la Opinión emitida en el día de hoy continuamos eliminando los escondites técnicos y los refugios de oscuridad que han permeado en la dirección de la Oficina de Administración de los Tribunales.

Mildred G. Pabón Charneco
Jueza Asociada